| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>E. RICHARD DRESSEL, ESQUIRE (ED 1793)<br>DAMIEN NICHOLAS TANCREDI (DNT 1383)<br>FLASTER/GREENBERG P.C.<br>Commerce Center<br>1810 Chapel Avenue West<br>Cherry Hill, NJ 08002-4609<br>(856) 661-2280<br>Counsel for SMS Enterprises Inc., et al.<br>Debtors-in-Possession | **Order Filed on December 9, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>SMS ENTERPRISES INC.,[1]<br><br>        Debtor. | Honorable Andrew B. Altenburg<br><br>Chapter:  11<br><br>Bankr. No.:  19-21332(ABA)<br><br>Hearing Date:  Expedited Consideration Requested |

### ORDER ESTABLISHING BIDDING PROCEDURES
### FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS

The relief set forth on the following pages, numbered two (2) through two (2) is hereby

**ORDERED**.

**DATED: December 9, 2019**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

---

[1] The Debtors in these Chapter 11 Cases (joint administration pending) and the last four digits of the employee identification numbers are SMS Enterprises, Inc. 6659, SPS Enterprises, Inc. 2466 and ETA Enterprises, Inc., 3019.

7516537 v1

**(Page 2)**
Debtor: SMS Enterprises, Inc. *et al.*
Case No: 19-21332
ORDER ESTABLISHING BIDDING PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS
_____

THIS MATTER having come before the Court upon the Debtors' Expedited Motion to Establish Bidding Procedures for Sale of Substantially All of the Debtors' Assets (the "Motion"), by and through their counsel, Flaster/Greenberg P.C., and the Court having found that it is in the best interest of Debtors and their Estates to Establish Bidding Procedures, and for good cause shown, it is hereby

ORDERED that the Motion shall be, and hereby is, GRANTED; and it further

ORDERED that the bidding procedures set forth in the Motion and annexed hereto as Exhibit A are hereby approved and shall proceed forthwith.

7516537 v1

# **EXHIBIT A**

## *Bidding Procedures*

The following are the Auction and Bidding Procedures governing the sale of substantially all of the assets of SMS Enterprises, Inc, SPS Enterprises, Inc. and ETA Enterprises, Inc:

(a) <u>Pre-Qualification as Bidder</u>. Any entity that wishes to make a bid for the Property (a "Bid") must provide the Debtors with sufficient and adequate information to demonstrate, to the sole and absolute satisfaction of the Debtors, that such bidder has the financial wherewithal and ability to consummate the transactions contemplated by these procedures submitted with the Bid including evidence of adequate financing, and including, without limitation, a parent guaranty, if deemed appropriate, in a form agreed upon by Debtors ("Pre-Qualification Requirements).

(b) <u>Assets to be sold by the Debtors</u>. The Debtors seek to sell substantially all of their assets including, but not limited to: their leasehold interests in real property that are the site of four Burger King restaurants operated by the Debtor; the building owned by ETA Enterprises, Inc. in Buena, NJ; all furniture, fixtures, and equipment owned by the Debtors; all rights to any executory contracts to which any Debtor is a counterparty, including, but not limited to all franchise agreements the Debtors have with Burger King Corporation and/or its subsidiaries or affiliates; any and all other tangible or intangible property rights owned by any of the Debtors (the "Assets").

(c) <u>Due Diligence and Questions Prior to Submitting Bids</u>. In order to conduct due diligence regarding the Property, a prospective bidder shall contact Flaster Greenberg, PC for the due diligence procedures and materials. Before a party will be allowed to conduct due diligence, if not previously executed, such party must execute a standard non-disclosure agreement.

(d) <u>Qualified Offer Requirements</u>. In order for a Bid to be considered a Qualified Offer, a bid must meet the following requirements:

(i) The Bid must be submitted by a person(s) meeting the Pre-Qualification Requirements.

(ii) Each Bid must be accompanied by a cash deposit of at least $100,000 (the "Earnest Money Deposit"). Prior to the Bid Deadline (as defined below) such Earnest Money Deposit is to be delivered to the Debtors in the form of a wire transfer (instructions will be provided upon request) or a cashier's check to:

**Flaster/Greenberg, PC**
**1810 West Chapel Avenue**
**Cherry Hill, NJ 08002**

If a bidder, is the Approved Purchaser, then immediately upon execution of a purchase agreement by the Debtors and such bidder following the Auction, the Earnest Money Deposit shall immediately be transferred into an escrow account as required by such purchase agreement.

(iii) Bids must be (a) in writing, (b) signed by an individual authorized to bind the bidder, and (c) received no later than 5:00 p.m. (Eastern Time) on **January 13, 2020** (the "Bid Deadline") by Flaster/Greenberg, PC, Counsel to Debtors. Any party whose Bid is not submitted by the Bid Deadline may not be permitted to participate in the Auction.

(iv) The Bid must be for substantially all assets of the Debtors and must not be subject to due diligence review, board approval, obtaining financing, or the receipt of any non-governmental consents.

(v) The Bid must state that: (i) it is irrevocable until the conclusion of the hearing to approve the sale (or in the event that the person submitting such bid is the Back-Up Bidder (as defined below) for the time period provided below), (ii) it is binding upon the bidder submitting the Bid; and (iii) it shall constitute a binding contract of the bidder and of the Debtors, when accepted by the Debtors and approved by the Court.

(vi) The Bid must (i) be an all cash offer; (ii) provide information satisfactory to the Debtors that the bidder is reasonably likely to be able to consummate the proposed transaction if selected as the Successful Bidder (as defined below); (iii) not be subject to or conditioned upon any financing contingencies; (v) not be conditioned on any due diligence; (v) be binding on each person or entity participating in the Bid; (vi) not request or entitle the bidder to any break-up fee, termination fee, expense reimbursement or similar type of payment; and; (vii) include a certification signed by a principal of bidder that: (x) the bidder knows of no reason why it would be unable to provide each party to any contract that it seeks to have assigned to it adequate assurance of its future performance of such contract; and (y) the bidder intends and agrees to cooperate with the Debtors in the provision of assurances to such contract parties.

(vii) The Bid must contain a list of all executory contracts that the bidder requests to have the Debtors assume and assign to the bidder, including, but not limited to: (i) all franchise agreements; (ii) all real property leases; and (iii) any equipment leases. Alternatively, the bidder can state that it seeks to have all executory contracts assumed and assigned.

(viii) The Bid must agree that the bidder will pay the cure costs related to the assumption and assignment of any executory contract that the bidder requests that the Debtors assume and assign to the bidders. The bidders shall be required to make such cure payments prior to or at the closing of the Sale of the Assets.

7516537 v1

(d)  <u>Auction Date and Time</u>. In the event that the Debtors receive one or more Qualified Offers by the Bid Deadline, then the Debtors shall conduct an auction sale (the "Auction") of the Assets. The Auction will be held on **January 16, 2020**, commencing at 10:00 a.m. (New Jersey Time) at the offices of Flaster/Greenberg, Commerce Center, 1810 Chapel Avenue West, Cherry Hill, New Jersey 08002.

(e)  <u>Auction Process</u>.

(i)  Bidding at Auction. At the Auction, the bidding shall take place in one or more successive rounds. All initial and subsequent bids will be made and received on an open basis and all Qualified Bidders will be entitled to be present for bidding with the understanding that the true identity of each bidder (i.e., the principals submitting the bids) be disclosed fully to all other Qualified Bidders at the Auction. All subsequent Bids at the Auction, , must be in increments of at least U.S. $50,000, or such amount to be determined by the Debtors during the course of the Auction. Each Auction bid must continue to satisfy all of the terms and conditions applicable to Qualified Offers, except that Auction bids need not be accompanied by an additional deposit. The Debtors shall have the right to change the overbid amounts at the Auction.

(ii)  Evaluation of Highest or Best Offer. At the Auction, after the completion of the bidding, Debtors shall determine which Qualified Offer reflects the highest or best offer (the "Successful Bid") and shall notify all participating bidders. The Person submitting the highest or best Bid as determined by the Debtors is the "Successful Bidder." After identifying the Successful Bidder, the Debtors shall also register the second highest or otherwise best Qualified Offer to purchase the Property (the "Back-Up Bid"), with such person being the "Back-Up Bidder." Immediately, but not later than **January 17, 2020**, after the completion of the bidding and the selection of the Successful Bidder and the Back-Up Bidder, the Successful Bid of the Successful Bidder shall be submitted to the Court for approval on **January 23, 2020** or as soon thereafter as may be heard by the Court (the "Sale Hearing"). The person submitting the Qualified Offer that is approved by the Court shall be the "Approved Purchaser." Any objection to the Sale must be filed by **January 20, 2020**.

The Debtors, in their business judgment and sole absolute discretion, may reject any Qualified Offer or subsequent bid at the Auction not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the Court, the Bidding Procedures or that is contrary to the best interests of the Debtors or their estate or creditors.

The Debtors, in their business judgment and sole absolute discretion, may postpone the Auction upon proper notice to interested parties.

(iii)  The Debtors may conduct the Auction in accordance with such other terms and conditions as are announced by the Debtors at the Auction to the extent the same are not inconsistent with the terms of the Auction Procedures.

7516537 v1

   (iv) The Successful Bidder will be required to tender the balance of the purchase price at Settlement which shall occur on or before **January 31, 2020**. The Settlement date may be extended by agreement of the parties.

 (f) <u>Irrevocability of Certain Bids</u>. The Successful Bid of the Successful Bidder shall remain irrevocable in accordance with the terms of the agreements executed by the Successful Bidder. The Back-Up Bid of the Back-Up Bidder shall be irrevocable until the closing of the sale of the Property.

 (g) <u>Retention of Earnest Money Deposits</u>. The Earnest Money Deposit of the Approved Purchaser shall be retained by the Debtors in accordance with the terms of the agreement(s) executed by the Approved Purchaser. The Earnest Money Deposit of the Back-Up Bidder shall be retained by the Debtors until the closing of the Sale.

   (i) In the event the Approved Purchaser fails to consummate the proposed transaction by the closing date contemplated in the agreement(s) agreed to by the parties, the Debtors (i) shall retain the Earnest Money Deposit of such bidder, and reserves the right to pursue all available remedies, whether legal or equitable, available to it, and (ii) shall be free to consummate the proposed transaction with the Back-up Bidder at the Back-up Bid without the need for an additional hearing or order of the Court. In the event the Back-Up Bidder would fail to consummate the proposed transaction, the Debtors shall so advise the Court, and will have the option to seek approval of another bid.

   (ii) Any bidders presenting bids shall bear their own expenses in connection with the sale of the Property, whether or not such sale is ultimately approved.

 (h) <u>Assumption and Assignment Provisions</u>. On or before **December 13, 2019** (the "Assumption Notice Deadline"), the Debtors shall file with the Court and serve on each counterparty (each, a "Counterparty," and collectively, the "Counterparties") to any party to be potentially assumed and assigned an assumption notice (an "Assumption Notice").

   (i) The Assumption Notice (or Supplemental Assumption Notice, if applicable) shall include, without limitation, the cure amount (each, a "Cure Amount"), if any, that the Debtors believe is required to be paid to the applicable Counterparty under section 365(b)(1)(A) and (B) of the Bankruptcy Code for each of the Assumed Contracts. If a Counterparty objects to (i) the Debtors' ability to assume and/or assign the Assumed Contract or (ii) the Cure Amount for its Assumed Contract through the Contract Objection Deadline (as defined below), the Counterparty must file with the Court and serve on the counsel to the Debtors and the Consultation Parties a written objection (a "Contract Objection").

   (ii) Any Contract Objection shall: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (iii) be filed with the Clerk of the Court, U.S. Bankruptcy Court, District of New Jersey, 401 Market Street,

7516537 v1

Camden, NJ 08001, together with proof of service, on or before **January 3, 2020** (the "Contract Objection Deadline"); (iv) and state with specificity the grounds for such objection, including, without limitation, the fully liquidated cure amount and the legal and factual bases for any unliquidated cure amount that the Counterparty believes is required to be paid under section 365(b)(1)(A) and (B) of the Bankruptcy Code for the Assumed Contract, along with the specific nature and dates of any alleged defaults, the pecuniary losses, if any, resulting therefrom, and the conditions giving rise thereto. Any objections to adequate assurance of future performance by a Successful Bidder shall be filed in accordance with this Bidding Procedures.

(iii)    Upon the conclusion of the Auction, the Debtors shall file with the Court one or more notices identifying the Successful Bidder for the Assets (a "Notice of Successful Bidder"), which shall set forth, among other things, (i) the Successful Bidder and Back-Up Bidder (as defined in the Bidding Procedures), if any, (ii) the Assumed Contracts included in the Successful Bid or Back-Up Bid (as defined in the Bidding Procedures); (iii) the proposed assignee(s) of such Assumed Contracts; and (iv) instructions for contacting the Successful Bidder to obtain Adequate Assurance Information, which shall be provided to each affected Counterparty on a confidential basis.

(iv)    If no Contract Objection is timely received with respect to an Assumed Contract: (i) the Counterparty to such Assumed Contract shall be deemed to have consented to the assumption by the Debtors and (if applicable) assignment of such Assumed Contract, and will be forever barred from asserting any objection with regard to such assumption and assignment, with the exception of an objection to adequate assurance of the Successful Bidder (an "Adequate Assurance Objection"); (ii) upon receipt by the Counterparty of any Cure Amount, any and all defaults under such Assumed Contract and any and all pecuniary losses related thereto shall be deemed cured and compensated pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code; and (iii) the Cure Amount included in the Assumption Notice for such Assumed Contract shall be controlling, notwithstanding anything to the contrary in such Assumed Contract, or any other related document, and the Counterparty shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims related to such Assumed Contract against the Debtors and (if applicable) the Debtors' assignee, or the property of any of them, that existed prior to the entry of the Sale Order.

(v)    To the extent that the parties are unable to consensually resolve any Contract Objection prior to the commencement of the Sale Hearing, including, without limitation, any dispute with respect to the Cure Amount required to be paid to the applicable Counterparty under section 365(b)(1)(A) and (B) of the Bankruptcy Code (any such dispute, a "Cure Dispute"), such Contract Objection

7516537 v1

will be adjudicated at the Sale Hearing or at such other date and time as may be mutually agreed to by the Debtors and the objecting Counterparty or scheduled by the Court; provided, however, that if the Contract Objection relates solely to a Cure Dispute, such Assumed Contract may be assumed by the Debtors and assigned, provided that the cure amount that the Counterparty asserts is required to be paid under section 365(b)(1)(A) and (B) of the Bankruptcy Code (or such lower amount as agreed to by the Counterparty) is deposited in counsel to the Debtors' escrow account pending adjudication of the proper Cure Amount.

(vi)    Any Adequate Assurance Objection must be filed by **January 20, 2020** or otherwise such Counterparty is deemed to have agreed that adequate assurance has been provided by the Successful Bidder.

(i)    Sale Milestones.  The following sale milestones are summarized on the following page:

7516537 v1

| Milestones | Proposed Dates |
|---|---|
| Deadline to serve Assumption Notice | **December 13, 2019** |
| Contract Objection Date | **January 3, 2020** |
| Bid Deadline | **January 13, 2020 at 5:00 p.m.** |
| Auction | **January 16, 2020 at 10:00 a.m.** |
| Deadline to Announce Successful Bidder | **January 17, 2020** |
| Deadline to Object to Adequate Assurance | **January 20, 2020** |
| Deadline to Object to Conduct of Auction | **January 20, 2020** |
| Sale Hearing | **January 23, 2020 at 10:00 a.m.** |
| Outside Closing Date | **January 31, 2020** |

7516537 v1

United States Bankruptcy Court
District of New Jersey

In re:  
SMS Enterprises Inc.  
    Debtor

Case No. 19-21332-ABA  
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0312-1     User: admin     Page 1 of 1     Date Rcvd: Dec 09, 2019  
                       Form ID: pdf903     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 11, 2019.
```
db          +SMS Enterprises Inc.,    P.O. Box 588,    Marlton, NJ 08053-0588
aty         +Flaster/Greenberg P.C.,    Commerce Centr,    1810 Chapel Avenue West, Third Floor,
              Cherry Hill, NJ 08002-4606
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.      TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 11, 2019                                          Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 9, 2019 at the address(es) listed below:
```
              Damien Nicholas Tancredi    on behalf of Debtor    ETA Enterprises, Inc.
               damien.tancredi@flastergreenberg.com,    damien.tancredi@ecf.inforuptcy.com
              Damien Nicholas Tancredi    on behalf of Debtor    SPS Enterprises, Inc.
               damien.tancredi@flastergreenberg.com,    damien.tancredi@ecf.inforuptcy.com
              Damien Nicholas Tancredi    on behalf of Debtor    SMS Enterprises Inc.
               damien.tancredi@flastergreenberg.com,    damien.tancredi@ecf.inforuptcy.com
              Daniel P. Bernstein    on behalf of Creditor    Covenant Bank d.p.bernstein1@gmail.com
              David  Banks    on behalf of Creditor    Covenant Bank bbwlaw@yahoo.com
              Denise E. Carlon    on behalf of Creditor    Toyota Lease Trust dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              E. Richard Dressel    on behalf of Debtor    SMS Enterprises Inc. rick.dressel@flastergreenberg.com,
               erika.letteri@ecf.inforuptcy.com
              E. Richard Dressel    on behalf of Debtor    SPS Enterprises, Inc.
               rick.dressel@flastergreenberg.com,    erika.letteri@ecf.inforuptcy.com
              E. Richard Dressel    on behalf of Debtor    ETA Enterprises, Inc.
               rick.dressel@flastergreenberg.com,    erika.letteri@ecf.inforuptcy.com
              Jeffrey M. Sponder    on behalf of U.S. Trustee    U.S. Trustee jeffrey.m.sponder@usdoj.gov,
               jeffrey.m.sponder@usdoj.gov
              Jeffrey N. Medio    on behalf of Creditor    Vineland Municipal Utilites jmedio@mediolawfirm.com
              Judith C. Arnold    on behalf of Creditor    Buena Realty, LLC f/k/a Mr. and Mrs. John Caselli
               jarnold@grucciopepper.com,    jmorvay@grucciopepper.com
              Judith C. Arnold    on behalf of Creditor    Maintree Shopping Center, L.P., Landlord
               jarnold@grucciopepper.com,    jmorvay@grucciopepper.com
              Julie M. Murphy    on behalf of Creditor    Maintree Shopping Center,L.P. murphy@hylandlevin.com
              Paul W. Verner    on behalf of Debtor    SPS Enterprises, Inc. pwverner@vernerlaw.com
              Paul W. Verner    on behalf of Debtor    ETA Enterprises, Inc. pwverner@vernerlaw.com
              Raymond M. Patella    on behalf of Interested Party    Cape Atlantic Food Services, LLC
               rpatella@kraemerburns.com
              Richard J. Gerace    on behalf of Debtor    SMS Enterprises Inc. rgerace14@comcast.net
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 19
```