| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>DAMIEN NICHOLAS TANCREDI<br>FLASTER/GREENBERG P.C.<br>1810 Chapel Avenue West<br>Cherry Hill, NJ 08002-4609<br>(856) 661-2280<br>Counsel for Debtors-in-Possession | Order Filed on April 28, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>SMS ENTERPRISES INC.,[1]<br><br>Debtor. | Honorable Andrew B. Altenburg<br><br>Chapter: 11<br><br>Bankr. No.: 19-21332(ABA)<br><br>Hearing Date: April 20, 2020 |

**ORDER GRANTING MOTION FOR AN ORDER PURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE (I) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF ASSETS OF DEBTORS OUTSIDE THE ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (IV) AUTHORIZING THE PAYMENT OF CURE COSTS AND PREVIOUSLY APPROVED CREDITOR PAYMENTS AND PROFESSIONAL FEES FROM THE PROCEEDS OF THE SALE; AND (V) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through nine (9) is hereby **ORDERED**.

**DATED: April 28, 2020**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

---

[1] The Debtor in these Chapter 11 Cases (joint administration pending) and the last four digits of the employee identification numbers are SMS Enterprises, Inc. 6659, SPS Enterprises, Inc. 2466 and ETA Enterprises, Inc., 3019.

7745454 v1

(Page 2)
Debtor: SMS ENTERPRISES INC. ET AL.
Case No: 19-21332
ORDER GRANTING MOTION FOR AN ORDER PURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE (I) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF ASSETS OF DEBTORS OUTSIDE THE ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (IV) AUTHORIZING THE PAYMENT OF CURE COSTS AND PREVIOUSLY APPROVED CREDITOR PAYMENTS AND PROFESSIONAL FEES FROM THE PROCEEDS OF THE SALE; AND (V) GRANTING RELATED RELIEF

THIS MATTER having come before the Court upon the Motion of SMS Enterprises, Inc., SPS Enterprises, Inc. and ETA Enterprises, Inc. ("Debtors"), by and through their counsel, Flaster/Greenberg P.C. for an Order Pursuant to Sections 105, 363, And 365 of the Bankruptcy Code (i) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of Debtors Outside the Ordinary Course of Business, (ii) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (iii) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (iv) Authorizing the Payment of Cure Costs and Previously Approved Creditor Payments and Professional Fees at Closing; And (v) Granting Related Relief (the "Motion"), and the Court having found that the relief requested is in the best interest of Debtors and their Estates, and having considered the arguments of counsel, it appearing that proper and adequate notice of the Motion has been given; and any objections to the sale pursuant having been overruled or withdrawn; and sufficient cause appearing therefore;

IT IS HEREBY FOUND AND DETERMINED[2]:

A.  This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1134. Venue of the Debtors' Chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408(a) and 1409(a). Determination of the Motion is a core proceeding under 28

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as finds of fact when appropriate. See Bankr. Rule 7052.

7745454 v1

(Page 3)
Debtor: SMS ENTERPRISES INC. ET AL.
Case No: 19-21332
ORDER GRANTING MOTION FOR AN ORDER PURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE (I) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF ASSETS OF DEBTORS OUTSIDE THE ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (IV) AUTHORIZING THE PAYMENT OF CURE COSTS AND PREVIOUSLY APPROVED CREDITOR PAYMENTS AND PROFESSIONAL FEES FROM THE PROCEEDS OF THE SALE; AND (V) GRANTING RELATED RELIEF

U.S.C. §157(b)(2)(A), (N) and (O). The statutory predicate for the relief requested in the Motion is Section 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

      B.      The Debtor has complied with notice procedures, the notice of the Motion and the relief sought by this Order, as reflected by the Certificate of Service was proper, timely, adequate and sufficient and meets the requirements of Sections 102(1), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006 was reasonably calculated to give actual notice of the relief contemplated by the Motion, and is appropriate under the circumstances.

      C.      The terms of the Agreement of Sale, dated March 19, 2020 (as amended, the "Agreement of Sale"), were negotiated at arm's length and are fair and reasonable. Approval of the Agreement of Sale, which includes substantially all noncash assets of the Debtors ("the Assets") is in the best interest of the Debtors and their creditors and estates. A valid and sound business purpose exists for approval of the sale of the Assets to Purchaser pursuant to the Agreement of Sale and Section 363 of the Bankruptcy Code.

      D.      The Debtors are authorized and directed to sell and transfer the Assets free and clear of all liens, Claims (as that term is defined in § 101(5) of the Bankruptcy Code), interests and encumbrances pursuant to Section 363(f) of the Bankruptcy Code.

      E.      The Purchaser is a good-faith purchaser of the Property within the meaning of Section 363(m) of the Bankruptcy Code. No party has engaged in any conduct that would permit

7745454 v1

(Page 4)
Debtor:  SMS ENTERPRISES INC. ET AL.
Case No:  19-21332
ORDER GRANTING MOTION FOR AN ORDER PURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE (I) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF ASSETS OF DEBTORS OUTSIDE THE ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (IV) AUTHORIZING THE PAYMENT OF CURE COSTS AND PREVIOUSLY APPROVED CREDITOR PAYMENTS AND PROFESSIONAL FEES FROM THE PROCEEDS OF THE SALE; AND (V) GRANTING RELATED RELIEF

the avoidance of the sale of the Property, the recovery of excess value, or the imposition of punitive damages, pursuant to Section 363(n) of the Bankruptcy Code.

      F.      It is in the best interest of the Debtors, their creditors and estates that this Court enter this Order authorizing the Debtors, pursuant to Section 363 of the Bankruptcy Code: (a) to consummate the transaction contemplated by the Agreement of Sale; and (b) to sell the Assets to Purchaser, free and clear of all liens, Claims, interests and encumbrances, with all such liens, Claims, interests or encumbrances attaching to the proceeds of such sale.

      G.      In the absence of a stay pending appeal, if any, if the Closing (as defined in the Agreement of Sale) occurs at any time after entry of this Order then, with respect to the Agreement of Sale, the Purchaser, as a purchaser in good faith of the Property, shall be entitled to the protections of section 363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal.

      H.      The Sale of the Assets to the Purchase is the best and highest bid and the determination of such is a proper exercise of the Debtors' business judgment.

WHEREUPON, IT IS HEREBY ORDERED THAT:

ORDERED that the Motion shall be, and hereby is, GRANTED; and it further

ORDERED that the sale of the Assets pursuant to the Agreement of Sale, in its entirety, is approved; and it is further

7745454 v1

**(Page 5)**
Debtor: SMS ENTERPRISES INC. ET AL.
Case No: 19-21332
ORDER GRANTING MOTION FOR AN ORDER PURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE (I) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF ASSETS OF DEBTORS OUTSIDE THE ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (IV) AUTHORIZING THE PAYMENT OF CURE COSTS AND PREVIOUSLY APPROVED CREDITOR PAYMENTS AND PROFESSIONAL FEES FROM THE PROCEEDS OF THE SALE; AND (V) GRANTING RELATED RELIEF

ORDERED that the sale of the Property to the Assets pursuant to the Agreement of Sale is hereby authorized under Section 363(b) of the Bankruptcy Code and the Debtors are authorized to consummate the transaction(s) contemplated by the Agreement of Sale; and it is further

ORDERED that pursuant to sections 363(b) and 363(f)(3) of the Bankruptcy Code, the Property shall be transferred to the Purchaser in accordance with the Agreement of Sale, free and clear of all liens, Claims, interests and encumbrances; and it is further

ORDERED that all liens, judgments, claims, mortgages, encumbrances and other interests, if any, shall attach to the proceeds of the sale of the Property in their proper priority and in their Allowed amount; and it is further

ORDERED, that the Debtors hereby assume and assign all executory contracts and unexpired leases to the Purchaser; and it is further

ORDERED, that the Purchaser and Debtors are authorized to pay all amounts due to Covenant Bank, Maines, any cure amounts, and any professional fees approved prior to the Closing Date directly to such entitled parties at the Closing; and it further

ORDERED, that notwithstanding anything in the APA or this Order, the following cure costs are established to be paid and due to the following entities from the following Debtors:

7745454 v1

(Page 6)
Debtor: SMS ENTERPRISES INC. ET AL.
Case No: 19-21332
ORDER GRANTING MOTION FOR AN ORDER PURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE (I) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF ASSETS OF DEBTORS OUTSIDE THE ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (IV) AUTHORIZING THE PAYMENT OF CURE COSTS AND PREVIOUSLY APPROVED CREDITOR PAYMENTS AND PROFESSIONAL FEES FROM THE PROCEEDS OF THE SALE; AND (V) GRANTING RELATED RELIEF

| Creditor | Amount | Debtor |
| --- | --- | --- |
| Maintree Shopping Center, L.P. | $65,952.08 | SPS Enterprises, Inc. |
| Buena Realty | $51,172.95 | ETA Enterprises, Inc. |
| Wheaton Plaza | $19,020.72 | SMS Enterprises, Inc. |
| Burger King Corporation[3] | $19,829.20 | SMS Enterprises, Inc. |
| Burger King Corporation | $9,045.75 | SPS Enterprises, Inc. |
| Burger King Corporation | $5,746.08 | ETA Enterprises, Inc. |

ORDERED, that with respect to the lease with Maintree Shopping Center, L.P., the assumption and assignment of such lease pursuant to this order shall be subject to all provisions thereof, including, but not limited to provisions such as radius, location, use or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement related to such shopping center; and it is further;

ORDERED, that assumption and assignment of all leases is contingent upon the receipt by each landlord, no later than April 30, 2020 of payment of the Cure Amounts set forth in this Order; provided, however, that if the Sale does not close on or before April 30, 2020, then the Debtors shall make payment of the rent (including any additional rent, common area

---

[3] The payments due to Burger King Corporation are payments due for royalties and advertisements due under the applicable franchise agreement.

7745454 v1

**(Page 7)**
Debtor:  SMS ENTERPRISES INC. ET AL.
Case No:  19-21332
ORDER GRANTING MOTION FOR AN ORDER PURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE (I) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF ASSETS OF DEBTORS OUTSIDE THE ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (IV) AUTHORIZING THE PAYMENT OF CURE COSTS AND PREVIOUSLY APPROVED CREDITOR PAYMENTS AND PROFESSIONAL FEES FROM THE PROCEEDS OF THE SALE; AND (V) GRANTING RELATED RELIEF

maintenance, taxes, insurance, or other charges) due to each landlord for May 2020 in accordance with the timeframes set forth in such lease; (ii) the provisions of this Order authorizing the assumption and assignment of leases shall not become effective until the Sale's closing and payment of the Cure Amounts, which shall not later than May 10, 2020 (but which date may be extended by mutual consent of the parties); and (iii) to the extent any landlord incurs pecuniary losses prior to the Sale's closing, such pecuniary losses shall be paid to each landlord at the Sale's closing; and it is further,

ORDERED, that the assumption and assignment of the lease with Maintree Shopping Center, L.P. is contingent on receipt by Maintree Shopping Center, L.P. of a fully executed guaranty by Dev Foods, LLC in a form acceptable by Maintree Shopping Center, L.P. no later than April 30, 2020 and that deadline may be extended by mutual consent of the parties; and it is further,

ORDERED, that the Debtors reserve all rights to assert that the adequate assurance provided to any landlord is sufficient to permit the assignment of any leases before the Court and such rights are hereby reserved.  In the event that any Debtor(s) assert that any landlord has received adequate assurance, any landlord that filed an objection to the assumption, assignment, and/or sale reserves all rights to argue to the contrary and shall not be deemed to have waived its

7745454 v1

(Page 8)
Debtor: SMS ENTERPRISES INC. ET AL.
Case No: 19-21332
ORDER GRANTING MOTION FOR AN ORDER PURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE (I) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF ASSETS OF DEBTORS OUTSIDE THE ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (IV) AUTHORIZING THE PAYMENT OF CURE COSTS AND PREVIOUSLY APPROVED CREDITOR PAYMENTS AND PROFESSIONAL FEES FROM THE PROCEEDS OF THE SALE; AND (V) GRANTING RELATED RELIEF

originally filed objection by virtue of the fact that such objection has been withdrawn or that the landlord has agreed to the terms of this Order; and it is further,

ORDERED, that the payment of expenses, as detailed on Exhibit A is hereby authorized. Any payments to any professionals shall only be permitted after such fees and expenses are authorized by the Court;

ORDERED, that to the extent necessary and pursuant to Section 506(c) of the Bankruptcy Code, the Debtors are permitted to surcharge the collateral of any secured creditor junior to Covenant Bank to pay any previously approved or subsequently approved professional fees to any professional retained in accordance with Section 327 of the Bankruptcy Code.

ORDERED that this is a final order and is enforceable upon entry and to the extent necessary under Rules 5003, 9014, 9021, and 9022 of the Bankruptcy Rules, this Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein and the stay imposed by Bankruptcy Rules 6004(h) and 6006(d) is hereby modified and shall not apply to the sale and the Debtors are hereby authorized and directed to consummate the sale of the Assets to the Purchaser on or about April 30, 2020; and it is further

ORDERED that in the absence of a stay pending appeal, in the event that the Purchaser and Debtors consummate the transaction(s) contemplated by the Agreement of Sale at any time

7745454 v1

(Page 9)

Debtor:  SMS ENTERPRISES INC. ET AL.

Case No:  19-21332

ORDER GRANTING MOTION FOR AN ORDER PURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE (I) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF ASSETS OF DEBTORS OUTSIDE THE ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (IV) AUTHORIZING THE PAYMENT OF CURE COSTS AND PREVIOUSLY APPROVED CREDITOR PAYMENTS AND PROFESSIONAL FEES FROM THE PROCEEDS OF THE SALE; AND (V) GRANTING RELATED RELIEF

after the entry of this Order, then with respect to the transactions approved and authorized herein, the Purchaser as a purchaser in good faith within the meaning of section 363(m) of the Bankruptcy Code, shall be entitled to the protections of section 363(m) of the Bankruptcy Code in the event this Order or any authorizations contained herein is reversed or modified on appeal; and it is further

ORDERED that the Purchase Price for the Assets, as set forth in the Agreement of Sale, is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code; and it is further

ORDERED that this Court retains jurisdiction to:

a. Interpret, implement and enforce the terms and provisions of this Order and the Agreement of Sale;

b. Protect the Purchaser of the Assets against any asserted liens, claims, interests and encumbrances against the Assets arising prior to the date of Closing on the Agreement of Sale;

c. Resolve any disputes arising under or relating to the Agreement of Sale, Motion, or this Order; and

d. Adjudicate all issues concerning asserted pre-Closing liens, Claims, interests and encumbrances on, and the proceeds of the sale of, the Property.

7745454 v1

**EXHIBIT A**

|  | SMS Enterprises | SPS Enterprises | ETA Enterprises | TOTAL |
|---|---|---|---|---|
| Sale Price | $ 650,000.00 | $ 325,000.00 | $ 325,000.00 | $ 1,300,000.00 |
| Inventory | $ 10,000.00 | $ 5,000.00 | $ 5,000.00 | $ 20,000.00 |
| Tax Reimbursement |  |  | $ 4,191.53 | $ 4,191.53 |
| Employee Obligations | $ (10,000.00) | $ (5,000.00) | $ (5,000.00) | $ (20,000.00) |
| Covenant Bank 1 | $ (257.44) | $ (128.72) | $ (128.72) | $ (514.87) |
| Covenant Bank 2 | $ (29,695.35) | $ (14,847.67) | $ (14,847.67) | $ (59,390.69) |
| Covenant Bank 3 | $ (268,021.26) | $ (134,010.63) | $ (134,010.63) | $ (536,042.51) |
| Maines Paper & Food | $ (63,720.91) | $ (31,860.46) | $ (31,860.46) | $ (127,441.82) |
| Maintree Shopping Ctr. | $ - | $ (65,952.08) | $ - | $ (65,952.08) |
| Wheaton Plaza | $ (19,020.72) | $ - | $ - | $ (19,020.72) |
| Buena Realty | $ - | $ - | $ (51,172.94) | $ (51,172.94) |
| Flaster/Greenberg | $ (36,491.25) | $ (10,953.50) | $ (10,887.50) | $ (58,332.25) |
| WithumSmith+Brown | $ (39,495.70) | $ (18,262.40) | $ (17,799.40) | $ (75,557.50) |
| Burger King Corporation | $ (19,829.20) | $ (9,045.75) | $ (5,746.08) | $ (34,621.03) |
| UST Fee | $ (6,500.00) | $ (3,250.00) | $ (3,250.00) | $ (13,000.00) |
| TOTAL | $ 166,968.19 | $ 36,688.80 | $ 59,488.14 | $ 263,145.12 |