UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email:  jeffrey.m.sponder@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | : Case No. 19-21332 (ABA) |
| SMS Enterprises, Inc., et al., | : |
| Debtors. | : The Honorable Andrew B. Altenburg Jr. |
| | : Hearing Date:  September 24, 2020 @ 10:00 am |

**OBJECTION OF THE UNITED STATES TRUSTEE TO JOINT SMALL BUSINESS DEBTORS' COMBINED PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT**

Andrew R. Vara, the United States Trustee for Regions 3 & 9 ("United States Trustee"), by and through his undersigned attorney, hereby files this objection ("Objection") to confirmation of the Joint Small Business Debtors' Combined Plan of Liquidation and Disclosure Statement (the "Plan") (ECF No. 262).[1]  In support of the Objection, the United States Trustee respectfully states:

**Jurisdiction**

1. This Court has jurisdiction to hear and determine this Objection.

2. Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3. Under section 307 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee has standing to be heard on the Disclosure Statement and Plan, and the issues raised in this Objection.

## Background

### A. *The Bankruptcy Case.*

4. On June 5, 2019 (the "Petition Date"), SMS Enterprises, Inc. ("SMS"), SPS Enterprises, Inc. ("SPS") and ETA Enterprises, Inc. ("ETA" and together with SPS and SMS, the "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11, United States Code. *See* ECF No. 1.

5. On July 3, 2019, the Court entered an Order Granting Motion For Joint Administration. *See* ECF No. 63.

6. Since the Petition Date, the Debtors have remained in possession of their property and management of their affairs.

### B. *The Combined Disclosure Statement and Plan.*

7. On August 21, 2020, the Debtor filed the Plan. *See* ECF No. 262.

8. On August 24, 2020, the Court entered an Order Conditionally Approving Disclosure Statement and scheduled a joint hearing for adequacy and confirmation for September 24, 2020. *See* ECF No. 263.

## Objections

### A. *Failure to File Monthly Operating Reports.*

9. Pursuant to 11 U.S.C. §§ 704 (7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, a debtor is required to supply certain reports concerning the estate's administration and the operation of the debtor's post-petition business as prescribed by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases which were distributed to the Debtors at the inception of the case.

10. As of the date of this Objection, the Debtors have failed to file monthly operating reports for the months of June 2020 and July 2020. Monthly operating reports for the month of August 2020 will be due before the confirmation hearing. Confirmation should not be granted until all monthly operating reports have been filed.

### B. *11 U.S.C. § 1129(a)(12).*

11. Pursuant to 11 U.S.C. § 1129(a)(12), all statutory fees must either be paid, or the Plan must provide for the payment of all such fees on the Effective Date. *See* 11 U.S.C. § 1129(a)(12).

12. As of the date of this Objection, SMS owes an estimated $5,296.49 for statutory fees for the first and second quarters of 2020 and SPS owes an estimated $2,651.87 for statutory fees for the first and second quarters of 2020.[2]

13. As set forth in the Plan, on July 1, 2020, the Debtors sold substantially all of their assets to Dev Foods 3 for $1.3 million plus Burger King Corporation's waiver of approximately $180,000 in cure costs. *See* ECF 262 at page 6 of 19.

---

[2] ETA has an estimated balance of $0 as of the date of this Objection.

14. As the transfer occurred in the third quarter of 2020, the Debtors will be responsible for statutory fees for the third quarter of 2020, which cannot be calculated until the monthly operating reports for July 2020 and August 2020 are filed. At the very least, the disbursements pursuant to the sale will need to be included in the third quarter 2020 statutory fee amount.

### C. Substantive Consolidation.

15. Pursuant to Section 2.10 of the Plan, the Debtors intend to substantively consolidate their estates into one estate for distribution purposes only:

> Given the fact that each of the Debtors will be paying all of their assets to the same administrative creditors, the State of New Jersey, and the remainder will be paid to OnDeck, this Plan will substantively consolidate the Debtors' estates into a single estate for distribution purposes.

ECF 262 at page 12 of 19.

16. The U.S. Trustee does not object to the Debtors making distributions from one estate to all creditors. However, each estate shall remain separate and apart until such time as the cases are dismissed or closed.

**Conclusion**

17. The United States Trustee leaves the Debtors to their burden and reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the United States Trustee requests that this Court issue an order denying confirmation of the Plan, and/or granting such other relief as this Court deems appropriate, fair, and just.

        Respectfully submitted,

        ANDREW R. VARA
        UNITED STATES TRUSTEE
        REGIONS 3 & 9

        By:    */s/* Jeffrey M. Sponder
                Jeffrey M. Sponder
                Trial Attorney

Dated:  September 16, 2020